# FORM   A

CIVIL RIGHTS COMPLAINT TO BE USED BY A *PRO SE* PRISONER
UNDER 42 U.S.C. § 1983 or
UNDER *BIVENS V. SIX UNKNOWN FED. NARCOTICS AGENTS*

Rev. 10/10

**FILED**
JAMES J. VILT, JR. - CLERK

JUN 23 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY

John W. Hayes

Richard D. Hudson

Gregory Mills, Jr.

(Full name of the Plaintiff(s) in this action)

-v.-

CIVIL ACTION NO. 4:25CU52-JHM
(To be supplied by the clerk)

Jason Woosley, Jailer

Gary Skaggs, Medical Director

Bobby Odon, Captain

Adam Hutch, Captain

(✓) DEMAND FOR JURY TRIAL

( ) NO JURY TRIAL DEMAND
(Check only one)

(Full name of the Defendant(s) in this action)

## I.    PARTIES

(A) **Plaintiff(s).** Place the full name of the Plaintiff in the first blank below, his/her place of confinement, address, and status. Repeat this procedure for each additional Plaintiff named, if any.

(1) Name of Plaintiff: John W. Hayes

Place of Confinement: Grayson County Detention Center

Address: 320 Shaw Station Road, Leitchfield, KY 42754

Status of Plaintiff: CONVICTED ( )   PRETRIAL DETAINEE (✓)

(2) Name of Plaintiff: Richard D. Hudson

Place of Confinement: Grayson County Detention Center

## III.   STATEMENT OF CLAIM(S)

State here the FACTS of your case.  State how you believe your constitutional rights were violated.  Describe how each Defendant violated your rights.  And set forth the dates on which each event took place.  Do not make legal arguments or cite cases or statutes.  However, identify the constitutional right(s) you allege was/were violated.  If you intend to assert multiple claims, number and set forth each claim in separate paragraphs.

CLASS ACTION COMPLAINT FOR INJUNCTIVE, DEC-
LATORY AND COMPENSATORY RELIEF AGAINST
GRAYSON COUNTY, IT'S DETENTION CENTER, AND VARI-
OUS INDIVIDUALS CHALLENGING UNCONSCIONABLE
LIVING CONDITIONS AND PERILOUS SAFETY VIOLATIONS

NOW COME plaintiffs named herein, prose, and for
their class action Complaint against defendants, allege
and state during their period of confinement at the Grayson
County Detention Center (hereinafter "facility") were sub-
jected to MASS AND overburdened CROWDING and other
HAZARDOUS CONDITIONS WHICH HAVE AMOUNTED TO CRUEL
AND UNUSUAL PUNISHMENT.

1. This is a civil action for declaratory, compensatory
and injunctive relief, to redress the continuing depriva-
tion of rights secured by the First, Fifth, Sixth, Eighth,
and Fourteenth Amendments to the United States

4

### III. STATEMENT OF CLAIM(S) continued

Constitution, Title 42 U.S.C. § 1983 and the American Disabilities Act of 2010. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343 and § 2201.

2. Venue is proper in the Western District of Kentucky since the acts and transactions complained of herein all occurred within this District.

### CLASS ACTION ALLEGATIONS

3. (a) Plaintiffs named herein bring this action as a class action pursuant to Rule 23 (b)(2) and Rule 23 (b)(3) of the Federal Rules of Civil Procedure;

(b) The class consists of all male persons who were detained, arrested and incarcerated by federal and state law enforcement for various violations of state and federal law;

(c) The class is so numerous that joinder of all persons is impracticable. Plaintiffs are informed and believe

5

## III. STATEMENT OF CLAIM(S) continued

Whether Defendant Gary S Kaggs, Medical Chief of Staff at said Grayson County Detention Center failed to properly monitor the treatment of Plaintiff Hudson by Detention Center Physician Dr. Roy Washington, MD. The treatment rendered by Dr. Washington for Plaintiff Hudson's high blood pressure resulted in damage to Hudson's Kidney's due to Dr. Washington prescribing a Regimen of Seven (7) diuretics to be administered by the detention center nursing staff twice daily. Defendant S Kaggs should have been aware of this as Chief Nurse and questioned this absurd treatment.

Whether the City of Leitchfield, Kentucky, herein Named as a Defendant in this Civil Rights Complaint and the city where the Grayson County Detention Center is presently located, should have made itself aware of the constitutional violations occurring at the Detention Center. The Detention Center is a public entity located within the city of Leitchfield, Kentucky and it is the responsibility of city officials to make itself aware of the events and happenings at said facility.

**III. STATEMENT OF CLAIM(S) continued**

that at least most of all males detained in custody at said facility, were subjected to mass, callous and arbitrary overcrowding, excessive noise, insufficient locker storage space, erratic and inadequate heating and cooling, improper ventilation, unsafe and hazardous bathroom and shower restrooms failing to contain safety handrails, bars and seating provisions for handicap prisoners, the sale and taxing of commissary food items and the sale and taxing of E-Cigarettes that have not received Food and Drug Administration approval, the failure of facility staff to provide one (1) hour of recreation outside housing units #296 and #293, #294 and #297 each day. The failure of facility staff to provide Emergency Call Buttons or other devices to ensure the safety of each plaintiff housed in a designated "Medical" unit. Based upon available information, plaintiffs believe that the class probably numbers well over twelve (12) persons. Additionally, no fire sprinker system in each POD.

(d) Plaintiffs will fairly and adequately protect the interests of all members as they are members of the class

5(a)

**III. STATEMENT OF CLAIM(S) continued**

and their claims are typical of the claims of all class members. Each of the plaintiffs is incensed at the treatment accorded the class members and will aggressively pursue the interests of the entire class. Plaintiffs' interest in obtaining injunctive relief and monetary damages for the violations of constitutional rights and privileges and the American Disabilities Act of 2010, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 12182(a), are consistent with and not antagonistic to those of any person within the class.

(e) The common questions of law and fact include:

(i) Whether defendants employed a policy and practice to capriciously "pack and cram" anywhere from ten (10) to nineteen plaintiffs in a designated "Medical" unit designed with five (5) metal bunk beds, without ladders, to house plaintiffs suffering a plethora of documented medical ailments, to wit, amputees, heart disease, diabetic(s), post sur-

5 (b)

### III. STATEMENT OF CLAIM(S) continued

gical, high blood pressure and various orthopedic disabilities. Notably, the defendants have specifically designated housing units #293, #294, #296 and #297 as medical units for the sole purpose of housing medically infirm pre-trial and sentenced federal inmates.

(2) Title II defines a public entity to mean any department, agency, special purpose district or instrumentality of a states or legal government. Thus, the Plaintiffs respectfully submit that the Grayson County Detention Center, Leitchfield, Kentucky is in fact a public entity pursuant to the ADA of 2010, Section 12131 (i) (b). Clearly, the defendants have unquestionably and flagrantly committed a multitude of Eighth Amendment, Fourteenth, and ADA of 2010 violations. Notably, at any given time the above cited housing units will find plaintiffs sleeping, eating and for all practical purposes living on a hard, cold concrete floor. This indisputable fact can be attributed to the gross, capricious and dangerous overcrowding of this overburdened detention facility. Inmates are literally

5(c)

## III. STATEMENT OF CLAIM(S) continued

sleeping beside and around one another having to tip-toe over other plaintiffs just to get to the toilet, sink and shower. With all due respect, the past and present living condition(s) is an extremely dangerous place to live. It is quite comparable to animals being stuffed and crammed into cattle cars.

(3) The non-sensical and unscrupulous "mass" over-crowding of the designated medical units cannot be seen or deemed as temporary. Simply because it has been going on for days, weeks, months and years. The squeezing and cramming of plaintiffs into cells not designed or built to house that many occupants has unquestionably created an over abundance of fear, intolerable, unsafe and hazardous living conditions for past and present plaintiffs. See McElveen v. County of Prince William, 725 F.3d 954 (4th Cir 1984); see also Stansell v. Grafton Correctional Institution, 2019 US App LEXIS 24597.

(4) Plaintiffs zealously contend the defendants have without question violated numerous living conditions outlined and governed by Wilson v. Seiter, 111 S.Ct. 2321 (1991); see also

5 (d)

**III. STATEMENT OF CLAIM(S) continued**

Estelle v. Gamble, 429 US 97 (1976);

(5) As a direct result of sleeping, eating and living on the hard concrete floor, Plaintiffs have suffered a multitude of sore backs, stiffness of the entire body, arthritis's pain causing plaintiffs to unsuccessfully utilize their normal function motions; Enduring pain;

(6) Whether the supervisory defendants had knowledge of the conduct alleged herein;

(f) Whether the defendants failed to ensure the combined space used for the sink, toilet and shower area were equipped with safety bars, handrails and non-skid floor mats to prevent unnecessary falling and injury to elderly and infirm plaintiffs. This particular area of cell #296 has made a significant dangerous area for the plaintiffs to manuever. Plaintiffs respectfully submit the defendants have violated the American Disabilities Act of 2010 and effected a "deliberate indifference" in violation of the Eighth

5 (e)

### III. STATEMENT OF CLAIM(S) continued

Amendment. See Estelle v. Gamble, supra and Title 42 U.S.C. §1983. Moreover, Title II of the ADA of 2010 prohibits discrimination in places of public accomodation which includes prisons and jails. See 42 U.S.C. 12182(a). With respect to a prison or jail setting, the U.S. Supreme Court has unequivocally stated that the aforesaid language that would adversely affecting handicapped, elderly, disabled, amputee applies to bathrooms, toilets, sinks, and showers in prison, jail or detention centers. See Stansell v. Grafton Correctional Institution, 2019 U.S. 8 pp LEXIS 24597 (6th Cir. 2019).

(i) Due to the unconceivable neglect of the defendants to properly and adequately equip or install metal ladders on the metal bunk beds located in medically designated cells #292, #293, #296 and #297, Plaintiff Christopher Keith Cook incurred serious injury to his forehead and ribs requiring immediate medical attention. Had there been appropriate ladders in place this preventable accident would never taken place.

(ii) Whether the defendants failed to install "Emergency Call Buttons" or other device in medical units in stark violation of the

5 (f)

### III. STATEMENT OF CLAIM(S) continued

American Disabilities Act of 2010 and Eighth and Fourteenth Amendments of the Constitution. This particular type of notification appliance or device is particularly needed and required in designated Medical units or hospitals twenty-four (24) hours a day. Significantly, there have been a number of instances in which documented Medical emergencies have occurred in Cell #296 neccessitating "IMMEDIATE" Medical attention by facility Medical personnel. After falling and hitting his head and forehead on the hard concrete floor and his ribs on the adjoining Metal table, he lay on the cold, hard concrete floor writhing in severe pain while other inmates and plaintiffs screamed for help, beat and pounded on the cell door. Unbelievably, it took facility and Medical staff approximately fifteen (15) to twenty (20) minutes to arrive on the scene.

(i)  Moreover, the accident itself and lack of a prompt response by facility and Medical staff could have easily been avoided. The situation could have been much worse had it been one of the elderly plaintiffs experiencing a heart attack, a plaintiff having a seizure, a plaintiff having a stroke. The fact is, the UNCONSCIONABLE failure of

5 (g)

### III. STATEMENT OF CLAIM(S) continued

staff to make available an "Emergency Call Button" or similar device in either Cell # 296, 293, 294 and # 297 places the lives of the plaintiffs in clear and present danger. Turner v. Michigan Department of Corrections, 22-1562 (2023); United States v. Georgia, 546 U.S. 151, 154 (2006). If there is any unit, pod or cell that requires and needs to have an Emergency Call Button is a designated medical unit for the infirm, elderly, disabled, diabetic, seizure patients, heart and lung disease, etc.;

(G). Whether facility staff are failing to provide one (1) hour of recreation outside the unit they live, sleep, eat their meals, regularly bathe and shower. With all due respect to facility staff, there is a sheet of paper indicating purported days and times for recreation. Unfortunately, this recreation schedule is seldomed acknowledged, followed or adhered to. This is an additional constitutional violation of plaintiffs Eighth Amendment rights. Notably, it is extremely important that the plaintiff, as well as other prisoners, are provided the opportunity to get fresh air, walk, exercise on a daily basis.

5 (h)

## III. STATEMENT OF CLAIM(S) continued

Importantly, a number of administrative remedies or "grievances" have been submitted to facility staff regarding both the lack of safety handrails, bars and non-skid floor mats in the shower, toilet and sink area due to the poor drainage of water and additional grievances have been submitted on numerous occasions regarding the outrageously freezing air coming into the designated medical cell #296 thru the ventilation system. Inmates and specifically the plaintiffs are issued one (1) wool blanket and one (1) white sheet. These two (2) items are unequivocally insufficient to keep the plaintiffs warm and reasonably comfortable. The defendants have answered the "grievances" with a number of responses categorically defending the temperature(s) flowing into medical and non-medical housing units such as #296, #294, #293 and #297. Nonetheless, the plaintiffs stand by their meritorious assertions that on any given day, afternoon or night that the temperature(s) in the designated housing unit(s) for medically infirm, elderly, disabled, heart and lung disease and orthopedic plaintiffs is "freezing" and well outside the normal parameters for medical and any housing unit.

5 (i)

### III. STATEMENT OF CLAIM(S) continued

(H) The plaintiffs in the filing of this Civil Rights Complaint setting forth legitimate and serious violations of Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. §1983.

(i) Plaintiffs zealously and respectfully assert that all and necessary required administrative remedies and grievances have been submitted both in writing and verbally to the facility staff. Unfortunately, the handwritten "paper" system of filing is no longer in existence and any "grievance" must be submitted on the Unit Kiosk. See Patsy v. Florida Board of Regents, 457 US 496 (1982); 634 F. 2d 900 (5ᵗʰ Cir. 1980)(en banc);

(ii) Much to the chagrin of the plaintiffs, all grievances and administrative remedies have been met with inappropriate or non-sensical responses by the defendants in this action;

(I) Whether the defendants at said facility sold E-Type Cigarettes to the Plaintiffs without proper approval by the Federal Drug Administration for such sale;

(J) Whether the defendants illegally "taxed" food and drink

5(j)

### III. STATEMENT OF CLAIM(S) continued

items sold to the plaintiffs and other pre-trial and sentenced federal prisoners;

(K) whether the defendants failed to equip designated Medical units #292, #293, #294, #296 and #297 with fire prevention "SPRINKLER" systems in each cell as required by state code and law;

(L) whether the defendants failed to equip with operating cameras in designated Medical cells #292, #293, #294, #296 and #297 thereby creating a dangerous and hazardous living condition(s) for those plaintiffs residing in said cells.

(M) whether the defendants exhibited "deliberate indifference" by callously Moving eight (8) plaintiffs from Medical cell #296 into Medical cell #297. This particular action of the defendants placed eight (8) plaintiffs into a cell designed for four (4) occupants. The cell is situated with two (2) Metal bunk beds with no ladders or climbing apparatus. Thus, there are four (4) plaintiffs sleeping in beds, and another four (4) sleeping on three (3) inch plastic Mats on the floor.

(K)

### III. STATEMENT OF CLAIM(S) continued

As a direct result of the plaintiffs sleeping on these three (3) X eighty-86 (86) inch green plastic Mats on the cold hard concrete floor, a Number of physical injuries. se occurred such as extremely sore neck, back, arms and legs, extreme stiffness for extended periods of time adversely affecting overall RANGE of Motion of body limbs, painful headaches, Lack of proper sleep, Muscle spasms. See Whitley v. Albers, 415 US 312, 319 (1986).

N) whether the defendants failed to provide Necessary space for clothing, legal documents, food, drink, Medical appliances.

O) The wrongful conduct alleged herein has been conducted generally upon all Members of the plaintiff class in that the overcrowding, lack of safety devices in sink, toilet and shower area, lack of proper and adequate ventilation HVAC System, excessive noise, insufficient locker storage space, inadequate heating and cooling were conducted pursuant to a long-established plan, policy, or procedure of the Grayson County Detention Center.

(P) The common questions of fact and law predominate over questions affecting only individual class members.

5 (L)

### III. STATEMENT OF CLAIM(S) continued

(6) A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that:

(i) A multiplicity of suits with competent burden on the courts and defendants should be avoided.

(ii) It would be virtually impossible for all class members to intervene as parties-plaintiff in this action.

(iii) Upon adjudication of defendants' liability, claims of the class members can be determined by this Court.

## THE PARTIES

7. John Does are all male citizens of the United States who were detained or arrested in the custody of the Grayson County Detention Center, Leitchfield, Kentucky for various federal misdemeanor, felony, violation(s) of supervised release. Plaintiffs alleged during their incarceration they were subjected to mass overcrowding and other conditions which amounted to cruel and unusual punishment. They request declaratory, injunctive and monetary relief and damages in their individual and official capacities to include Grayson County.

5 (M)

III. **STATEMENT OF CLAIM(S) continued**

8. Defendants are as follows:

(a) THE COUNTY OF GRAYSON is a municipal corporation and, as such, is responsible for the policies, procedures, and practices implemented through its various agencies and agents and for injury occasioned thereby.

(b) Defendant JASON Woosley is the JAILER of the Grayson County Detention Center of the County of Grayson and, as such, is and has been responsible for the promulgation and implementation of police policies, procedures, and practices in the County of Grayson, including the policy, procedure and practice of gross overcrowding, plaintiffs sleeping on the floor for extended periods of incarceration and male persons in the custody of the Grayson County Detention Center.

(c) Defendant Bobby Odom is the Captain and Commander of the day watch located at 320 Shaw Station Road, Leitchfield, KY, Grayson County Detention Center and, as such, is responsible for instituting detention center policies, procedures, and practices within Grayson County, KY.

5 (N)

### III. STATEMENT OF CLAIM(S) continued

(c) Defendant Adam Hutch is the Watch Commander and Captain of the Grayson County Detention Center "Weekend Shift," located at 320 Shaw Station Road, Leitchfield, KY and, as such, responsible for implementing detention center policies, procedures, and practices within Grayson County, KY.

(d) Defendant Gary Skaggs is the Medical Director/Supervisor of the Grayson County Detention Center Medical Department and, as such, is responsible for instituting medical and pharmaceutical detention center polices, procedures and practices for the well-being and care of plaintiffs and other prisoners at the Grayson Center Detention Center.

(i) Plaintiffs specifically allege that these defendants had been made aware of the policy, procedure, acts, and practices alleged by virtue of oral and written complaints filed with the facility staff. Noneless, defendants named in the above cited paragraphs continue to enforce and to give the appearance of approving of all the policies, procedures, and practices alleged above.

(ii) Each of defendants named herein has the duty to

5 (0)

### III. STATEMENT OF CLAIM(S) continued

COMMAND, regulate, and control the actions of detention center deputy jailers, lieutenant jailers, captain jailers and Medical supervisors and employees under their supervision so as to prevent those subordinate officials from acting in a MANNER that deprives Male persons in custody of their rights under the Constitution and laws of the United States, but has failed to, and is failing to do so, in the following respects:

(iii). Each has failed to exercise adequate supervision over subordinates and failed to take steps to regulate and control the discretion of subordinate officers so as to prevent the conduct alleged in the above paragraphs above which were known to exist;

(iv). Each has failed to provide or enforce lawful and proper guidelines and procedures to assist subordinates to engage in only lawful acts.

(v). The policies, procedures, practices and acts of defendants alleged above have continued unchanged for many years. Upon information and belief, defendants promulgated a written policy

5 (P)

**III. STATEMENT OF CLAIM(S) continued**

directive in 2005 which was VAGUE and has been enforced and known by all defendants to have been enforced in a manner consistent with those policies, procedures, practices, and acts previously in effect and alleged herein.

## THE VIOLATIONS

8. The policies, procedures, practices and acts of defendants alleged in paragraphs 3-8 and A-Q, including subsections applicable to said violation have unquestionably violated the rights of plaintiffs and members of the class under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and, therefore, are violative of Title 42 U.S.C. § 1983.

(a) The callous and perilous "overcrowding" at the Grayson County Detention Center was conducted without forethought and appropriate planning of the defendants.

(b) The arbitrary failure of the defendants to install and equip medically designated housing unit with state mandated

5 (Q)

### III. STATEMENT OF CLAIM(S) continued

safety bars, safety rails and NON-Skid floor mats in the consolidated bathroom / shower area situated with extremely insufficient and inadequate drainage. Thus, a dangerous and unsanitary area (bathroom). Each of the defendants, Woosley, O'Dom, Hutch and Skaggs has the duty to command, regulate, and control the actions of detention center officers and various employees under their supervision so as to prevent those subordinate officials from acting in a manner that violates the rights of the plaintiffs and members of the class to due process under the Fourteenth Amendment.

(a) The policies, procedures, practices and acts alleged in each and every paragraph herein were undertaken, aided, authorized, supervised or consentend to be each defendant with malice, with willfull and wanton desire and design to violate, and with deliberate indifference, to and reckless disregard of their rights, privileges, and immunities of plaintiffs and members of the class under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States as set forth previously herein.

5 (R)

### III. STATEMENT OF CLAIM(S) continued

(d) As a result of the policies, procedures, practices, and acts of defendants, John Does 1-15 and members of the class have suffered violations of their rights, privileges, and immunities under the Constitution and have suffered severe emotional and psychological distress, anguish, anxiety, and injury, and pain and suffering due to the willful, wanton, and deliberate misconduct of defendants. Wilbers

(e) Unless immediately, preliminarily, and permanently enjoined from continuing to subject males taken into custody to mass overcrowding, sleeping on the floor, absence of safety handrails, bars and non-skid floor mats in "all" cells, proper ventilation, adequate heating and cooling (HVAC), proper space for storage, one (1) hour of recreation "outside" the housing unit each day, five (5) days a week, installation of Emergency Call Buttons or similar devices and cameras in every cell at the Grayson County Detention Center, defendants will continue to engage in the willful, wanton, and deliberate indifference and deliberate violation of the constitutional rights of males, and plaintiff and members of the class will continue to suffer gross violations of their

(5 (5)

### III. STATEMENT OF CLAIM(S) continued

constitutional rights and gross insignities, each of which constitutes irreparable injury for which plaintiffs have No adequate remedy of law.

WHEREFORE, plaintiffs pray that this Court enter an order:

1. Finding that this action should proceed as a class action under Rule 23, Federal Rules of Civil Procedure;

2. Preliminarily and permanently restraining, enjoining, and prohibiting defendants from undertaking, enforcing, maintaining, or adopting any policies, procedures, practices; or Acts by which any person Not charged with any offense No more than a traffic violation is subjected to the aforesaid offenses and violations cited herein.

Respectfully Submitted,
Plaintiffs:

Avery R. Robinson #237783

Richard D. Hudson #17787-004

Jeramey Q. Hawkins

John W. Hayes — USMS #36575-511

5 (T)

IV.    **RELIEF**

State exactly what you want the Court to do for you.  (If you seek relief which affects the fact or duration of your imprisonment (for example:  release from illegal detention, restoration of good time, expungement of records, release on parole), you must also file your claim under 28 U.S.C. §§ 2241, 2254 or 2255.)  The Plaintiff(s) want(s) the Court to:

✓ award money damages in the amount of $ One Million Dollars

✓ grant injunctive relief by One Million Dollars

✓ award punitive damages in the amount of $ One Million Dollars

_____ other: _____

V.    **DECLARATION UNDER PENALTY OF PERJURY**
       **(each Plaintiff must sign for him/herself)**

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct.

This _____ day of _____, 20__.

Gordon J. Waswa III
Gregory Mills, Jr
I will
Julian Barrera
Christopher K. cook
John W. Harp
Tony Terrell

Richard D. Hudson #17187-004
(Signature of Plaintiff)

Don Phelps 06238-084
(Signature of additional Plaintiff)

Charles D. Clark
(Signature of additional Plaintiff)

I hereby certify that a copy of this complaint was delivered to the prisoner mail system for mailing on _____.

_____
(Signature)

6